# 13-2616-cv

IN THE

# 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

FOR THE SECOND CIRCUIT

———————◄►———————

XUEDAN WANG and ERIN SPENCER, on behalf of themselves and all others
similarly situated,

*Plaintiffs – Petitioners*

v.

THE HEARST CORPORATION

*Defendant – Respondent*.

———————————————

On Appeal from Order of the United States District Court for
the Southern District of New York
Civil Action No. 12-CV-0793 (HB) (AJP)

---

**DEFENDANT-RESPONDENT HEARST CORPORATION'S RESPONSE
TO PETITION FOR PERMISSION TO APPEAL PURSUANT TO
28 U.S.C. § 1292(b) AND FED. R. APP. P. 5(a)**

---

Eve B. Burton
Jonathan R. Donnellan
Kristina E. Findikyan
Courtenay B. O'Connor
The Hearst Corporation
Office of General Counsel
300 West 57th Street
New York, New York 10019
(212) 841-7000

*Counsel for Defendant – Respondent Hearst Corporation*

## <u>DEFENDANT-RESPONDENT HEARST CORPORATION'S</u>
## <u>FEDERAL RULE OF APPELLATE PROCEDURE 26.1</u>
## <u>CORPORATE DISLCOSURE STATEMENT</u>

Defendant-Respondent Hearst Corporation is a privately-held company with no parent corporation.  No publicly held corporation owns 10% or more of Hearst Corporation stock.

Hearst Corporation does not oppose plaintiffs' 28 U.S.C. § 1292(b) petition seeking immediate appellate review of the legal standard set forth in the District Court's May 8, 2013 order, though it strongly disagrees with plaintiffs' characterization of that order and the merits arguments embedded in their petition.

As noted by Judge Baer, there is a split in authority in the district court on a controlling question of law – *i.e.*, the legal standard for determining whether an unpaid intern is an employee covered by the Fair Labor Standards Act ("FLSA" or the "Act") – and that question is difficult and has not been directly decided by this Court. *Wang v. Hearst Corp.*, 12-cv-0793, 2013 WL 3326650, at *2 (S.D.N.Y. June 27, 2013). The split is evident in the conflicting legal standards applied by Judge Baer in this case and by Judge Pauley in *Glatt v. Fox Searchlight Pictures Inc.*, 11-Civ-6784, --- F.R.D. ---, 2013 WL 2495140 (S.D.N.Y. June 11, 2013) ("*Glatt*"), both of which addressed the same controlling question. These decisions prove that there is a substantial ground for difference of opinion on this controlling question of law. *Wang,* 2013 WL 3326650, at *2; *see also Shipping Corp. of India Ltd. v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58, 66 (2d Cir. 2009) (reviewing decision certified by the district court under Section 1292(b), about which the district court had noted that there were differing opinions among judges of the Southern District). Judge Baer also recognized that an appeal at this juncture will

advance the ultimate termination of the litigation.  *Wang*, 2013 WL 3326650, at \*2.
The criteria for a Section 1292(b) appeal are accordingly satisfied.

Furthermore, extraordinary circumstances underscore the need for
immediate appellate review.  There are at least *twelve* actions brought by interns
claiming employee status currently pending in the district courts of the Second
Circuit, almost all of which are styled as class and collective actions.[1]  The present
Section 1292(b) petition provides this Court with the opportunity to establish the
legal standard by which all of these cases will be governed, creating efficiencies in
how they are litigated – from discovery to summary judgment to trial – and
lessening the likelihood that any of those cases will have to be retried based on
application of an improper legal standard.

At the very least, the disparity between the analysis in this case and that in
*Glatt* proves that the district courts would benefit from this Court's guidance.  The
conflict on the legal standard derives from two divergent readings of a 1947

---

[1] In addition to the present case and *Glatt* other cases include: *Moore v. NBCUniversal, Inc.*, 13-cv-4634 (S.D.N.Y., filed July 13, 2013); *Hicks v. Crook Bros. Prods., Inc.*, 13-cv-4472 (S.D.N.Y., filed June 27, 2013); *Grant v. Warner Music Grp. Corp.*, 13-cv-4449 (S.D.N.Y., filed June 27, 2013); *Mackown v. News Corp.*, 13-cv-4406 (S.D.N.Y., filed June 25, 2013); *Mayer v. 21C Media Grp., Inc.*, 13-cv-4369 (S.D.N.Y., filed June 24, 2013); *Mark v. Gawker Media LLC*, 13-cv-4347 (S.D.N.Y., filed June 21, 2013); *Ballinger v. Advance Magazine Publishers, Inc.*, 13-cv-4036 (S.D.N.Y., filed June 13, 2013); *Poff v. Portela Law Firm, P.C.*, 13-cv-1317 (E.D.N.Y., filed Mar. 13, 2013); *Davenport v. Elite Model Mgmt. Corp.*, 13-cv-1061 (S.D.N.Y., filed Feb. 15, 2013); *Kozik v. Hamilton College*, 12-cv-1870 (N.D.N.Y., filed Dec. 20, 2012).

Supreme Court opinion, *Walling v. Portland Terminal*, 330 U.S. 148 (1947), and a

dispute as to whether this Court's analysis in *Velez v. Sanchez*, 693 F.3d 308 (2d

Cir. 2012), another employee-determination case, has application for interns or

trainees.  Judge Baer understood *Walling* and *Velez* to support a totality of the

circumstances test that includes an analysis of the primary beneficiary of the

intern-business relationship as well as consideration of whether the intern expected

compensation from that relationship.  *Wang v. Hearst Corp.*, --- F.R.D. ---, 2013

WL 1903787, at *3-5 (S.D.N.Y. May 8, 2013).  Indeed, *Walling* stated that persons

who do not expect compensation fall outside the scope of the FLSA[2] and reasoned

that persons who perform work for a company are not necessarily employees.[3]

*Walling*, 330 U.S. at 152.

---

[2] The Supreme Court reiterated this in another case cited by Judge Baer, *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985), again stating that the FLSA covers only those who work in expectation of compensation, and noting that compensation may come in the form of cash wages or "in kind" compensation such as room and board, consistent with the FLSA's definition of wages.

[3] The Supreme Court's ultimate determination in *Walling* that the railroad trainees were not employees notwithstanding their performance of work is significant.  And, as Judge Baer noted, the fact that the plaintiff in *Walling* did not challenge the finding that the railroad received no "immediate advantage" from that work does not mean that employee status would necessarily be found if there were an "immediate advantage."  *Wang*, 2013 WL 1903787, at *4.  Indeed, regardless of whether it was an "immediate advantage," the railroad in *Walling* clearly gained some advantage from the trainees' work; it did not provide its training program for charitable purposes.  The program enabled the railroad to train future employees without paying them minimum wage and it also received a pool

In *Velez*, this Court reviewed whether a member of a household working for the family was an employee under the FLSA. The Court detailed various factors to consider as part of a totality of the circumstances analysis. *Velez*, 693 F.3d at 326-30. One factor was the primary beneficiary of the relationship and another "significant" factor was the expectation of compensation. *Id.* at 330 (citing *Walling*, 330 U.S. at 152, with respect to the expectation of compensation factor). This Court also acknowledged that the "approach taken by courts determining if trainees and students providing services as part of their education are also employees" is a primary beneficiary analysis. *Velez*, 693 F.3d at 330 (citing *Solis*, 642 F.3d at 528-29, and *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005)).[4]

---

of qualified workers on stand-by who could be called upon when needed. 330 U.S. at 149-50. This benefit to the railroad from the trainees' work was implicitly weighed against the benefit to the trainees in determining they were not employees. *See also, e.g., Solis v. Laurelbrook Sanitarium and Sch.*, 642 F.3d 518, 525-26 (6th Cir. 2011) (*Walling* focused principally on the relative benefits of the work performed by the purported employees); *McLaughlin v. Ensley*, 877 F.2d 1207, 1209 (4th Cir. 1989) (Fourth Circuit concluded after analysis of *Walling* that the primary beneficiary test is appropriate for employee determinations).

[4] A totality of the circumstances test with a primary beneficiary analysis has also been used by other courts. *See Kaplan v. Code Blue Billing & Coding, Inc.*, 504 Fed. Appx. 831, 2013 WL 238120, at *2-3 (11th Cir. Jan. 22, 2013) (implicitly balancing the benefits to determine that two student externs were not employees); *Reich v. Parker Fire Prot. Dist.*, 992 F.2d 1023, 1028 (10th Cir. 1993); *McLaughlin v. Ensley*, 877 F.2d 1207, 1209 (4th Cir. 1989); *Donovan v. Am. Airlines, Inc.*, 686 F.2d 267, 271-72 (5th Cir. 1982); *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 534-35 (S.D.N.Y. 1998); *Demayo v. Palms W. Hosp., L.P.*, --- F. Supp. 2d ---, No. 11-CV-81211, 2013 WL 264691, at *5 (S.D. Fla. Jan. 23, 2013).

In contrast to *Velez* and the decision in this case, the *Glatt* court found that a primary beneficiary analysis is inappropriate and not supported by *Walling*, and that expectation of compensation "adds little" to the analysis.[5]  *Glatt*, 2013 WL 2495140, at *11, 13.  The *Glatt* court declined to apply the reasoning of *Velez* and based its legal standard on the misunderstanding that *Walling* held that trainees are employees unless the program with which they are involved serves "<u>only</u>" the trainees' interests and if the trainees provide "<u>no</u> immediate advantage" to the company.  *Glatt*, 2013 WL 2495140, at *11 (emphasis in *Glatt* opinion).  In so doing, the *Glatt* court not only misread *Walling*, it appears to have erroneously shifted the burden of proof from plaintiff to defendant with respect to the critical question of employee status.[6]  This is a severe shift from Judge Baer's opinion and

---

[5] The *Glatt* test also excludes additional considerations that would factor into a proper totality of the circumstances test.  *See Glatt*, 2013 WL 2495140, at *14, 12 (refusing to consider certain training and education, as well as benefits including resume listings, job references and an understanding of how an industry works).

[6] Further reflecting that the *Glatt* standard skews toward a presumption of employee status, the analysis is framed as determining whether interns fall within a narrow "exception" to the FLSA created by *Walling*.  *Glatt*, 2013 WL 2495140, at *10, 11, 12, 13, 14.  There is no "exception" in the FLSA relevant to trainees or interns, and *Walling* made no indication that it was creating an exception.  This error is more than semantics as it shifts the burden of proof.  Employers carry the burden of proving exceptions whereas putative employees, like intern plaintiffs, bear the burden of proving employee status.  *See, e.g., Reich v. Conagra*, 987 F.2d 1357, 1360 (8th Cir. 1993).  Similarly, the *Glatt* court relied on case language referring to *employees* as opposed to language supporting the test for determining whether someone is an employee.  *Glatt*, 2013 WL 2495140, at *11 (quoting

conflicts with the *Velez* analysis as well as with *Walling* itself. At bottom, the *Glatt* opinion has thrown into question both the meaning of *Walling* and whether this Court's analysis in *Velez* may be applied to circumstances beyond those strictly limited to domestic service workers. Clarification from this Court is necessary.

Moreover, the *Glatt* standard is markedly more favorable to persons claiming employee status than the standard previously applied in analogous cases, and the practical consequences of the ruling have been immediate. Following issuance of the *Glatt* opinion on June 11, *seven* unpaid intern cases have been filed in the Southern District of New York, and the complaints for some of those directly refer to the *Glatt* ruling. (*See* fn. 1, *supra*, listing seven S.D.N.Y. cases filed after June 11, 2013) An immediate decision from this Court may stem the tide of the post-*Glatt* lawsuits premised on a legal standard that may prove short-lived.

For all the reasons stated, this Court should resolve the legal standard question now, affirming Judge Baer's decision. However, the Court should not

---

*United States v. Rosenwasser*, 323 U.S. 360, 362 (1945), regarding inclusion of all *employees* within the scope of the Act); *see also id.* at \*13 (citing analysis from *Alamo Foundation* regarding *employees'* ability to waive protections of the Act, as well as similar language from *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 710 (1945), about *employees'* ability to waive liquidated damages under the Act); *id.* at \*13 (citing a provision of the FLSA regarding "learners" that applies to certain *employed* persons).

proceed to review Judge Baer's class certification decision, which does not meet any of the requirements for a Section 1292(b) appeal.  As an initial matter, plaintiffs waived their right to review of the class certification decision by failing to file a petition pursuant to Fed. R. Civ. P. 23(f).  Moreover, with respect to the class certification ruling, there is no controlling question of law on which there is substantial ground for difference of opinion.  To the contrary, well-established precedent supports Judge Baer's ruling and there are no unresolved questions, nor have plaintiffs offered any.  *See Wang,* 2013 WL 1903787, at *6-9 (citing cases including *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), and *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013)).  Review of the class certification ruling would be nothing more than application of settled law to the facts, which is not appropriate for Section 1292(b) review.  *See Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371-72 (S.D.N.Y. 2008).  Such review would also be inappropriate because it would require this Court to review the record.  *Id.* at 371.[7]

In sum, Hearst does not oppose the Section 1292(b) petition for immediate appellate review of the legal standard for determining whether an unpaid intern is

---

[7] Plaintiffs make brief mention that they will argue to this Court that it should reverse the District Court's denial of summary judgment.  (Pl. Br. at 1)  There is no basis for such an argument because it would involve application of the law to the facts and a review of the record.  *Century Pacific, Inc.*, 574 F. Supp. 2d at 371-72.

an employee.  However, the District Court's class certification determination is

inappropriate for a Section 1292(b) appeal.


                                    Respectfully submitted,

Dated: July 22, 2013              **HEARST CORPORATION**

                                     /s/ Jonathan R. Donnellan
                                    Eve B. Burton
                                    Jonathan R. Donnellan
                                    Kristina E. Findikyan
                                    Courtenay B. O'Connor

          *Attorneys for Defendant - Respondent Hearst Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2013, I caused a true and correct copy of Defendant-Respondent Hearst Corporation's Response to Petition For Permission To Appeal Pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a) to be served on the following counsel of record for Plaintiffs-Petitioners by operation of the Court's CM/ECF system and by email:

Adam T. Klein (atk@outtengolden.com)

Rachel Bien (rmb@outtengolden.com)

Juno Turner (jturner@outtengolden.com)

Dated: July 22, 2013                                    /s/ Jonathan Donnellan
                                                                  Jonathan Donnellan